IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE ALESIA WALLACE,

    Bankruptcy Case Number
    20-80018-CRJ-13

    Debtor,

ALESIA WALLACE,

    Plaintiff,

    Adversary Proceeding No.

v.

JORA CREDIT HOLDINGS, LLC,

    Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Alesia Wallace ("Wallace"), makes the following allegations in her complaint against the Defendants, Jora Credit Holdings, LLC ("Jora").

### Parties, Jurisdiction, and Nature of Action

1. Wallace is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on January 3, 2020. Jora is a corporation organized and existing under the laws of the State of Delaware. At all times material to this complaint, Jora regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Wallace did business with Jora within this district and division, and it is these business transactions that give rise to this litigation.

2. Jora is listed as a creditor in the schedules filed by Wallace.

3. Despite having both notice and actual knowledge of the commencement of Wallace's case, Jora sent Wallace an email on February 20, 2020 in an effort to collect a pre-petition debt owed by Wallace to Jora. The email references a current loan balance of $3,016.53 and offers a reduced payment of 1,357.44 to consider settling the account. Jora sent another email on March 19,2020. That email informs Wallace that Jora sold Wallace's account to a third party. The Plaintiff asserts that these emails are not for informational purposes, but have the sole intention of coercing payment from Wallace. There being no other reason to contact the debtor regarding an unsecured debt. As to the second email, Debtor's counsel specifically contends that Jora's **sale** of the debt to a third party after notice of the bankruptcy violated 11 U.S.C. §362. This "sale" was an act to coerce the debtor into

paying to avoid a newly mounted collection campaign by the new entity. This "sale" of the debt, after Jora received notice, runs afoul of 11 U.S.C. §362(a)(1) in that the "sale" of the debt post notice was the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, **or other action or proceeding** against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Further, counsel for the debtor contends that the sale of the debt was a "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." Jora, leaving no doubt as to their intent, states the following in their second email: "Please be advised that this communication is for the purpose of collecting a debt."

4. Wallace brings this action to recover the actual damages she has sustained as a result of the defendant's willful violation(s) of the automatic stay in this case and to recover punitive damages from the defendant for those violation(s).

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Wallace's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Wallace and Jora. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Wallace incorporates by reference the allegations in paragraphs one through five of this complaint.

7. Jora is listed as a creditor in Schedule F of the bankruptcy case filed by Wallace.

8. As a result of Jora being listed as a creditor in the schedules filed by Wallace, the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Wallace's bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Wallace's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Jora from attempting to collect from Wallace any pre-petition obligation owed by Wallace to Jora.

10. Despite the imposition of the automatic stay by the commencement of this case and having both notice and actual knowledge of the commencement of this case, Jora contacted Wallace two times by email in an attempt to collect from her a pre-petition obligation owed by Wallace to Jora.

11. The actions of Jora violate 11 U.S.C. §362 as set forth in this complaint.

12. Wallace has sustained injury and damage as a result of the defendant's violation(s) of the automatic stay.

13. Jora' actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Wallace is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Jora for its willful and intentional violation(s) of the automatic stay. These emails are likely emblematic of a systematic abuse where this creditor has made a business decision that it is cheaper to violate the Stay than to abide by it.

15. Wallace was emotionally distressed as a direct and proximate result of the defendant's behavior.

**WHEREFORE**, Wallace asks this court to enter an order:

(A) Awarding Wallace compensatory damages against Jora including the reasonable attorney's fees and costs incurred by Wallace in the preparation and prosecution of this adversary proceeding;

(B) Awarding Wallace punitive damages against Jora for its willful and intentional violation(s) of the automatic stay, such damages being intended to instill in Jora and other creditors due respect for this court and its orders and to deter them from taking similar action against Wallace and similarly situated debtors in the future;

(C) Voiding the debt owed to Jora by Wallace; and

(D) Granting Wallace any additional or different relief this court deems appropriate.

Dated: 04/15/2020

Respectfully submitted,

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff,
Alesia Wallace

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com