# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| In re: ALESIA WALLACE ) | Case No.: 20-80018-CRJ13 |
| Debtor. ) | |
| ) | CHAPTER 13 |
| _____ ) | |
| ALESIA WALLACE ) | |
| Plaintiff, ) | |
| v. ) | Adversary Proceeding No: 20-80055 |
| JORA CREDIT HOLDINGS, LLC, ) | |
| Defendant. ) | |

## **DEFENDANT'S ANSWER**

COMES NOW Jora Credit Holdings, LLC (the "**Defendant**"), and files this Answer to the Complaint of Alesia Wallace (the "**Plaintiff**") as follows:

1. Defendant Plaintiff admits that Plaintiff filed her bankruptcy petition on January 3, 2020. Defendant admits that it is a limited liability company chartered in Delaware. Defendant denies that it does business in Alabama – it is a passive holding company. Defendant's affiliate, Jora Credit of Alabama, LLC ("**Jora Alabama**") operates in the state of Alabama. Jora Alabama, and not the Defendant, conducted business with the Plaintiff.

2. Defendant admits that Plaintiff listed "Jora Credit, P.O. Box 8407, Philadelphia, PA 19101" as a general unsecured creditor on its bankruptcy schedules filed on January 17, 2020.

3. Defendant admits that Jora Alabama sent two emails to the Plaintiff during the pendency of her bankruptcy case at a time when it had constructive notice of the bankruptcy filing. Defendant denies actual notice of the bankruptcy case.

4. Defendant denies that it intentionally violated 11 U.S.C. § 362.

5. Defendant admits that jurisdiction and venue are proper. Defendant admits that this adversary proceeding is a core matter. Pursuant to Rule 7012(b) of the *Federal Rules of Bankruptcy Procedure*, Defendant consents to this Court entering a final orders and judgments in this matter.

6. All other factual averments not previously admitted are hereby denied.

7. Defendant admits that Plaintiff listed "Jora Credit, P.O. Box 8407, Philadelphia, PA 19101" as a general unsecured creditor on its bankruptcy schedules filed on January 17, 2020.

8. Defendant admits that, at the time that Jora Alabama sent two emails to the Plaintiff, it had constructive notice of the filing. Defendant denies actual notice of the bankruptcy case.

9. This paragraph contains a legal conclusion upon which no response is required from the Defendant.

10. Defendant admits that, at the time that Jora Alabama sent two emails to the Plaintiff, it had constructive notice of the filing. Defendant denies actual notice of the bankruptcy case.

11. This paragraph contains a legal conclusion upon which no response is required from the Defendant.

12. Unknown, therefore all factual averments are denied.

13. All factual averments are denied.

14. This paragraph contains a legal conclusion upon which no response is required from the Defendant. All factual averments are denied.

15. Unknown, therefore all factual averments are denied.

## AFFIRMATIVE DEFENSES

1. Defendant pleads lack of intent to violate 11 U.S.C. § 362.

2. Defendant pleads failure to mitigate damages.

3. Defendant pleads lack of actual notice of the bankruptcy filing.

4. Defendants pleads laches.

5. Defendant pleads unclean hands.

6. Defendant pleads unjust enrichment.

7. Defendant pleads lack of agency.

8. Defendant pleads failure to join a proper party.

9. Defendant pleads lack of cooperation.

10. Defendant pleads accident or mistake.

11. Defendant pleads failure to mitigate damages.

12. Defendant pleads that lack of grounds for punitive damages.

13. Defendant pleads that lack of grounds for emotional suffering.

14. Defendant pleads failure to prove special damages.

15. Defendant reserves the right to amend this pleading at any time of any reason as allowed under the *Federal Rules of Bankruptcy Procedure* and the *Federal Rules of Civil Procedure*.

WHEREFORE, premises considered, Defendant requests that this Honorable Court enter an order granting such relief as this Court deems just and proper.

Respectfully submitted this the 21st day of August, 2020.

/s/ *Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for Jora Credit Holdings, LLC*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 21st day of August, 2020 served the foregoing document upon John C. Larsen, Attorney for the Plaintiff, Michelle T. Hatcher, Chapter 13 Trustee, Richard Blythe, Office of the Bankruptcy Administrator, and all persons requesting notice by electronic service through the Court's CM/ECF system.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV